ORIGINAL

**16 MAG 5459**

Approved: _____
          KIERSTEN A. FLETCHER
          Assistant United States Attorney

FILED
AUG 29 2016
S.D. OF N.Y.

DOC # _____

Before:   HONORABLE DEBRA FREEMAN
          United States District Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :
          - v. -                  :
                                  :
DAVID CHEE,                       :
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - x

**SEALED COMPLAINT**

Violation of
18 U.S.C. §§ 2261A(2),
1028(a)(7)

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

        BRADFORD PRICE, being duly sworn, deposes and says that he
is a Special Agent with the Federal Bureau of Investigation, and
charges as follows:

### COUNT ONE
### (Cyberstalking)

        1.    From at least in or about December 2015 through at
least in or about July 2016, in the Southern District of New
York and elsewhere, DAVID CHEE, the defendant, willfully,
knowingly, and with the intent to injure, harass, and
intimidate, used the mail, an interactive computer service and
electronic communication service, an electronic communications
system of interstate commerce, and a facility of interstate and
foreign commerce, to engage in a course of conduct that caused,
attempted to cause, and would reasonably be expected to cause,
substantial emotional distress to a person, to wit, CHEE
repeatedly posted on various websites, harassing, false and
offensive messages about a criminal defense attorney ("Victim-
1") over the Internet that caused substantial emotional distress
to Victim-1.

        (Title 18, United States Code, Section 2261A(2).)

## COUNT TWO
### (Identity Theft)

2.    From at least in or about January 2015 through at least in or about February 2016, in the Southern District of New York and elsewhere, DAVID CHEE, the defendant, did knowingly possess and use in and affecting interstate and foreign commerce, and without lawful authority, a means of identification of another person, to wit, the name of such person, with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, cyberstalking in violation of Title 18, United States Code, Section 2261A(2).

(Title 18, United States Code, Sections 1028(a)(7) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3.    I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been involved in the investigation of the above-described offense.  I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, including, among other things, my review of pertinent documents, and my communications with law enforcement officers and administrative agencies.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Background and Victim-1's Complaint

4.    Based on my review of notes from meetings with Victim-1, I have learned, among other things, the following:

a.    Victim-1 is an attorney who, together with his partner (the "Partner"), practices law at a small criminal defense firm in New York, New York (the "Firm").  Victim-1 and the Partner are the only two attorneys at the Firm, and have managed the Firm together since approximately 2001.

b.    In approximately 2011, Victim-1 represented DAVID CHEE, the defendant, in connection with New York state charges

that accused CHEE of engaging in aggravated harassment and criminal impersonation.  At that time, CHEE was a police officer with the New York City Police Department ("NYPD").  CHEE was alleged to have sent harassing text messages to the wife of his commanding officer.  CHEE pleaded guilty to the state charges and was subsequently forced to retire from the NYPD.

   c. In or around January 2016, Victim-1 became aware of various harassing and offensive Internet activities by an individual whom Victim-1 believed to be CHEE.

   d. More specifically, in or around January 2016, Victim-1 discovered that someone had gained access to Victim-1's online profile at SuperLawyers.com[1] (the "SuperLawyers Profile"), and had modified the SuperLawyers Profile to include, among other things, that Victim-1 is one of the "fastest ambulance chasing lawyers in town."

   e. After Victim-1 learned that the SuperLawyers Profile had been hacked (the "SuperLawyers Hack"), Victim-1 performed internet searches for Victim-1's name and that of the Firm.  Victim-1's search revealed that someone had posted a series of offensive and derogatory remarks on multiple websites regarding Victim-1, the Partner and the Firm.  The posts included allegations that Victim-1 was an alcoholic, that he bribed jurors and judges, that the Firm was bankrupt, and that Victim-1 is racist, among other things (together, the "Harassing Posts").

   f. For example, on or about February 17, 2016, an individual posted a false, offensive, and harassing review on Yelp.com under the name "Tony Abbate" which purported to provide a positive review of Victim-1's prior representation of him in defending criminal charges (the "Yelp Review").  The Yelp Review read, in part, that "[Victim-1] is one of the good guys.  I gotta hung trial because this guy [Victim-1] gave a juror a nice envelope, if ya know what I mean."

   g. In addition, Victim-1 recalled seeing a similar negative review posted on Yellowpages.com and searched for that review on Yellowpages.com.  Victim-1 determined that, in or about December 2012, an individual using the username "J.Murphy"

---

[1] SuperLawyers.com, managed by Thomson Reuters, is a website on which attorneys can purchase online profile pages to advertise their services, post client reviews, and provide contact information to potential clients.

wrote, in part, that Victim-1 "Sells [clients] a bunch of lies and does nothing for [them]." Victim-1's search for other reviews written by J.Murphy on Yellowpages.com uncovered only two other reviews, written to positively endorse "Security1 Lending: David Chee" and "David Chee, Reverse Mortgage Specialist" (together with the review of Victim-1, the "Yellowpages Reviews").

       h.   In addition to the Harassing Posts and the SuperLawyers Hack, Victim-1 also determined that an individual had created a fake Facebook account in the name of Victim-1 and the Firm (the "Fake Facebook Account"). The Fake Facebook Account included numerous photographs purporting to represent Victim-1, many of which depicted very obese men posing in underwear.

       i.   Victim-1 concluded that CHEE was responsible for the SuperLawyers Hack, the Harassing Posts, and the Fake Facebook Account. Victim-1 reached this conclusion based on, among other things, the following:

          i.   The Yellowpages Reviews included only reviews about Victim-1 and individuals with CHEE's name;

          ii.   The Harassing Posts were similar in content and substance to the communications CHEE sent to his colleagues at the NYPD which gave rise to the New York state charges for which Victim-1 represented CHEE.

          iii.   When Victim-1 represented CHEE in 2011, Victim-1 was very overweight. Victim-1 has since lost over 80 pounds. However, the Fake Facebook Account depicts Victim-1 as overweight, consistent with Victim-1's appearance the last time Victim-1 saw CHEE in person.

       j.   Since noticing, in or about early 2016, the Harassing Posts, the SuperLawyers Hack, and the Fake Facebook Account, Victim-1 reports that he has suffered substantial emotional distress as a result of the damage to his professional reputation, the decline in the Firm's ability to attract clients, and the stress associated with his efforts to remove the harassing and offensive posts from the internet.

### Use of Anonymous IP Addresses

    5.   Based on internet research and my review of records and materials obtained from internet service providers,

financial institutions, and websites in the course of the investigation, I have learned, among other things, the following:

      a.    To accomplish the SuperLawyers Hack, an individual successfully changed the email address and password associated with Victim-1's SuperLawyers account on four separate occasions in or about January 2016.  On at least three of the occasions, the individual provided Victim-1's name and phone number to obtain access to Victim-1's account.[2]

      b.    The Harassing Posts, the Fake Facebook Account, and the SuperLawyers Hack appear to have been created from Internet Protocol ("IP") addresses that are associated with IP address routing services that either: (1) rent servers to third parties, such as ExpressVPN, who offer anonymous internet browsing, or (2) are located outside of the United States.

      c.    For example, at least two instances of the SuperLawyers Hack came from a computer with an IP address ending in 122.235 (the "SuperLawyers IP Address").  In addition, the Yelp Review came from a computer with an IP address ending in 56.90 (the "Yelp IP Address").  Based on records obtained from the internet service provider (the "Provider"), I have learned that the Provider hosts both the Yelp IP Address and the SuperLawyers IP Address.  Based on these records, and my review of the Provider's website, I understand that the Provider leases internet servers to third parties.  The customer leasing the Yelp IP Address and the SuperLawyers IP Address was identified as "Express VPN."

      d.    Based on my review of Express VPN's website, and based on my training and experience, I understand that an Express VPN subscriber can purchase access to a Virtual Private Network ("VPN") connection.  When connected to the VPN, even from the subscriber's home computer or personal device, the service enables the subscriber to conceal the true IP address of the computers or other electronic devices accessing the internet through the network, and, thereby, the locations and identities of the network's users.  While there are legitimate reasons for using VPN services, I am aware that cyber criminals often use VPN servers to conceal their true identities and locations.

---

[2] Based on my review of records from Thomson Reuters, I have learned that requests to change the email address or password of a SuperLawyers account are transmitted to the Thomson Reuters "data team" in Bellevue, Washington.

6.    Based on my review of records obtained from a financial institution (the "Bank"), I have learned, among other things, the following:

a.    DAVID CHEE, the defendant, is a customer of the Bank, and the Bank has issued CHEE a Platinum Visa card (the "Credit Card").

b.    The December 2015 statement for the Credit Card lists a charge to "EXPRESSVPN" on November 23, 2015 in the amount of $59.95.

c.    On December 23, 2015, CHEE paid the December Credit Card balance.

**Similarities Between CHEE's Past Conduct and the Instant Conduct**

7.    Based on my review of notes from conversations with investigators at the NYPD and other law enforcement officials involved in this investigation, I have learned, among other things, the following:

a.    Beginning in late 2008, the NYPD began conducting an investigation into harassing and threatening communications directed at members of the NYPD (the "NYPD Messages"). At the time, DAVID CHEE, the defendant, was employed by the NYPD as a Lieutenant and worked with those members of the NYPD who were receiving the NYPD Messages.

b.    The NYPD's investigation revealed that certain of the NYPD Messages were sent using a "spoof card"[3] and others originated from the email address "perfect11229@yahoo.com."

c.    In or about April 2009, the NYPD determined that certain of the NYPD Messages originated from an unsecured internet connection approximately two blocks from CHEE's residence.

d.    On or about December 15, 2009, the NYPD analyzed a forensic report following an imaging of one of CHEE's computers (the "Report"). The Report revealed that CHEE had

---

[3] Based on my training and experience, I understand that when an individual places a call or sends a text message using a spoof card, the individual can remove or alter the phone number that would otherwise appear as the sender's phone number.

visited "www.spoofcard.com" approximately 309 times, and had
accessed the email address "perfect11229@yahoo.com"
approximately 189 times.

        e.   On or about June 2009, CHEE was placed on
modified duty during the pendency of the NYPD investigation.

        f.   On or about January 11, 2011, CHEE pleaded guilty
to aggravated harassment in the second degree, and was sentenced
to a conditional discharge, subject to his resignation from the
NYPD.

        8.   Based on records obtained from Yellowpages.com,
LinkedIn.com, and other websites, as well as my participation in
this investigation, I have learned, among other things, the
following:

        a.   There are a number of publicly available pages on
LinkedIn.com for individuals with the name "David Chee."  These
pages do not appear to be for real persons, and include a page
for "David Rbara Chee – Attorney at Law" ("CHEE Lawyer LinkedIn-
1"), who is purportedly from New York and based in Florida,
"David Robert Chee – Florida Bar Association" ("CHEE Lawyer
LinkedIn-2"), and "David Chee – Hollywood Actor, Starred in NYPD
Blue Series" ("CHEE Actor LinkedIn," collectively the "CHEE
LinkedIn Pages"), among others.

        b.   The email addresses associated with many of these
LinkedIn pages are similar to each other, to the email address
used by DAVID CHEE, the defendant, to send the NYPD Messages,
and to the email address associated with the author of the
Yellowpages Reviews.  Specifically, the email address associated
with the CHEE Lawyer LinkedIn-1 is fee10007@yahoo.com, the email
address associated with the CHEE Lawyer LinkedIn-2 is
day10007@yahoo.com, the email address associated with the CHEE
Actor LinkedIn is "who100075@yahoo.com," and the email address
associated with the author of the Yellowpages Reviews –
including the review about Victim-1 – is "who100076@yahoo.com".
These email addresses all appear to include a word followed by a
zip code, sometimes with one additional digit, and are all at
the domain yahoo.com.[4]

---

[4] In addition, based on my participation in this investigation, I
know that "10007" is the zip code where Victim-1's office is
located.  The "11229" referenced in "perfect11229@yahoo.com"
appears to be a zip code for an area of Brooklyn, New York,
adjacent to the area where CHEE currently resides.

c.    Based upon the similarities outlined above, I believe that the author of the Yellowpages Reviews is the same person as the author of the CHEE LinkedIn Pages and the NYPD Messages, and that this person is CHEE.

9.    On or about August 4, 2016, I conducted a voluntary interview of DAVID CHEE, the defendant, while assisting in the execution of a judicially authorized search warrant at CHEE's residence in Brooklyn, New York.  During that interview, CHEE told me, in substance and in part, the following:

a.    Victim-1 represented CHEE in 2011.

b.    CHEE was not happy with Victim-1's representation, and wrote online reviews advising others not to hire Victim-1.

c.    CHEE paid for services to conceal his true IP address when making these disparaging online postings, because CHEE did not want Victim-1 to know it was CHEE posting the reviews.  CHEE paid for these anonymizing hosting services with a credit card held in CHEE's name.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of DAVID CHEE, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
BRADFORD PRICE
Special Agent
Federal Bureau of Investigation

Sworn to before me this
29th day of August 2016

_____
HONORABLE DEBRA FREEMAN
United States District Judge
Southern District of New York

8